IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH ROSS,

    Plaintiff,      No. CIV S-06-0912 GEB GGH P

  vs.

T. FELKER, et al.,

    Defendants.    <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $25.68 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22   a complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   \\\\\

2

1    The complaint states a colorable claim for relief against defendants E. Meraz and

2  Holmes, related to the confiscation of plaintiff's eyeglasses, pursuant to 42 U.S.C. § 1983 and 28

3  U.S.C. § 1915A(b).

4    Plaintiff seeks money damages from defendants Fleming and R. Meraz, whom he

5  claims acted in retaliation to plaintiff's claims that general population inmates were not receiving

6  their ten hours of outdoor exercise (per week), that black inmates were being "constantly

7  harassed, excessively disciplined," and not provided equal job assignment opportunities.

8  Complaint, pp. 2-3.  The retaliation took the form of defendants Fleming and Meraz searching

9  his cell, finding an inmate-manufactured weapon and charging plaintiff with a serious rules

10  violation on February 17, 2006, for which plaintiff's Exhibit D shows that plaintiff pled guilty

11  and for which he was, inter alia, assessed a 360-day credit loss.

12    In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state

13  prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county

14  officials violated his constitutional rights, he sought damages for improprieties in the

15  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

16  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

17  charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

18  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

19  complaint and held that:

20    in order to recover damages for allegedly unconstitutional
     conviction or imprisonment, or for other harm caused by actions
21    whose unlawfulness would render a conviction or sentence invalid,
     a § 1983 plaintiff must prove that the conviction or sentence has
22    been reversed on direct appeal, expunged by executive order,
     declared invalid by a state tribunal authorized to make such
23    determination, or called into question by a federal court's issuance
     of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
24    bearing that relationship to a conviction or sentence that has not
     been so invalidated is not cognizable under 1983.

25

26  Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

1 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

2 conviction or sentence has been invalidated, expunged or reversed.  Id.

3       In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

4 held that Heck applies to challenges to prison disciplinary hearings when the nature of the

5 challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

6 Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

7 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

8 barred by Heck.  Plaintiff has not demonstrated that the prison disciplinary hearing findings have

9 been reversed or declared invalid; thus, his claims for money damages against defendants

10 Fleming and Meraz for money damages related to the disciplinary action will be dismissed but

11 plaintiff will be granted leave to amend.

12       To the extent plaintiff may seek injunctive relief in the form of a restoration of

13 time credits, plaintiff must proceed by way of a habeas petition.  "§ 1983 must yield to the more

14 specific federal habeas statute with its attendant procedural and exhaustion requirements, where

15 an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his

16 sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973).  Such claims

17 fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to §

18 1983.  Ibid."  Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).  Plaintiff's claims

19 for injunctive relief against defendants Fleming and Meraz related to the disciplinary action will

20 be dismissed but plaintiff will be granted leave to amend.

21       As to his claims regarding defendant Felker, High Desert State Prison's warden,

22 they appear to be predicated largely on allegations of deficiencies in his supervisory capacity.

23 The Civil Rights Act under which this action was filed provides as follows:

24         Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

25         deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

26         law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent that plaintiff seeks injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as

---

[1]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

1   opposed to monetary relief, may be made on a theory of <u>respondeat superior</u> in a § 1983

2   action."); <u>Fox Valley Reproductive Health Care v. Arft</u>, 454 F. Supp. 784, 786 (E.D. Wis. 1978).

3   <u>See also</u>, <u>Hoptowit v. Spellman</u>, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit

4   to continue against an official's successors despite objection that the successors had not

5   personally engaged in the same practice that had led to the suit.  However, because a suit against

6   an official in his or her official capacity is a suit against the state, policy or procedure of the state

7   must be at issue in a claim for official capacity injunctive relief.  <u>Haber v. Melo</u>, 502 U.S. 21, 25,

8   112 S. Ct. 358, 361-62 (1991).   Plaintiff has not sufficiently alleged an unconstitutional policy or

9   procedure which he ascribes to Felker.  Defendant Felker will be dismissed in both his individual

10  and official capacities, but plaintiff will be granted leave to amend.

11         Regarding defendant Marshall, plaintiff contends that this individual placed

12  plaintiff on ten-day yard restriction and ninety days of no canteen privilege, and that he engaged

13  in a conspiracy with the other defendants.  Complaint, pp. 4, 6, 8.  Plaintiff does not, thereby, set

14  forth a deprivation of his constitutional rights.  Defendant Marshall will be dismissed but

15  plaintiff will be granted leave to amend.  Plaintiff appears to believe because inmates, as he

16  contends, are permitted ten hours a week per state regulation that he is constitutionally

17  guaranteed that amount of outdoor exercise.  <u>Id</u>., at 8.

18         Although a temporary denial of exercise does not per se constitute an Eighth

19  Amendment violation, denial of all outdoor exercise for an extended period may.  <u>May v.</u>

20  <u>Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor

21  exercise with no medical effects not a substantial deprivation); <u>Hayward v. Procunier</u>, 629 F.2d

22  599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance

23  justifying denial of outdoor exercise); <u>see also</u> <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457-1458 (9th

24  Cir. 1993) (while exercise is "one of the basic human necessities protected by the Eighth

25  Amendment," where restriction from outdoor exercise arose from inmate's abuse of the privilege

26  and posing a security risk, plaintiff's Eighth Amendment claim for deprivation thereof failed);

1   but see, Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (upholding district court

2   decision that inmates confined with almost total lack of outdoor exercise for period of years was

3   cruel and unusual punishment, and requiring they be allowed one hour of outdoor exercise, five

4   days a week, absent poor weather, unusual circumstances); see also, Keenan v. Hall, 83 F.3d

5   1083, 1090 (9th Cir. 1996) (defendants not entitled to summary judgment where plaintiff

6   produced evidence showing deprivation of outdoor exercise for six-month period in

7   administrative segregation).   The Ninth Circuit has clarified the elements necessary to state a

8   deprivation that would rise to the level of an Eighth Amendment violation:

9           An Eighth Amendment claim that a prison official has deprived
        inmates of humane conditions must meet two requirements, one

10           objective and one subjective.  Allen v. Sakai, 48 F.3d 1082, 1087
        (9th Cir.1995). "Under the objective requirement, the prison

11           official's acts or omissions must deprive an inmate of the minimal
        civilized measure of life's necessities. The subjective requirement,

12           relating to the defendant's state of mind, requires deliberate
        indifference." Id. (citations omitted).

13

14   Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).

15           In Lopez, the Ninth Circuit found that plaintiff's claim that he was denied all

16   outdoor exercise for six and a half weeks met the objective requirement for an Eighth

17   Amendment claim.  1132-1133.  The Lopez court noted that:

18           The clear implication of May is that temporary denials of outdoor
        exercise must have adverse medical effects to meet the Eighth

19           Amendment test, while long-term deprivations are substantial
        regardless of effects.

20

21   Lopez v. Smith, 203 F.3d at 1133 n. 15 (see May v. Baldwin, supra).

22           In claiming that plaintiff did not receive ten hours of physical exercise over a one

23   week or ten day period and making no showing of any adverse medical effect whatever, plaintiff

24   fails wholly to make a claim on this ground.  Nor does plaintiff make any showing that a

25   suspension of the privilege of canteen access for 90 days comes close to making out a claim of a

26   deprivation of his constitutional rights under the Eighth Amendment.

1    Finally, as to his inadequately framed allegations of conspiracy with respect to

2    defendant Marshall, vague and conclusory allegations are not sufficient to support a claim for

3    civil rights violations based on conspiracy.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

4    1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).   Defendant Marshall will be

5    dismissed but plaintiff will be granted leave to amend.

6    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

8    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

9    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

10   there is some affirmative link or connection between a defendant's actions and the claimed

11   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

12   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

13   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

14   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

17   amended complaint be complete in itself without reference to any prior pleading.  This is

18   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

19   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21   original complaint, each claim and the involvement of each defendant must be sufficiently

22   alleged.

23   Accordingly, IT IS HEREBY ORDERED that:

24   1.  Plaintiff's request to proceed in forma pauperis is granted;

25   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26   Plaintiff is assessed an initial partial filing fee of $25.68.  All fees shall be collected and paid in

1  accordance with this court's order to the Director of the California Department of Corrections

2  and Rehabilitation filed concurrently herewith.

3      3.  Plaintiff's claims against defendants Fleming, Felker and Marshall are

4  dismissed for the reasons discussed above, as are plaintiff's claims against defendants Meraz and

5  Holmes, with the exception as to defendants Meraz and Holmes of those claims related to the

6  confiscation of plaintiff's eyeglasses, with leave to file an amended complaint within thirty days

7  from the date of service of this Order.  Failure to file an amended complaint will result in a

8  recommendation that these defendants be dismissed from this action.

9      4.  Upon filing an amended complaint or expiration of the time allowed therefor,

10  the court will make further orders for service of process upon some or all of the defendants.

11  DATED: 10/25/06

                          /s/ Gregory G. Hollows
12
                          _____
13                          GREGORY G. HOLLOWS
                          UNITED STATES MAGISTRATE JUDGE
14  GGH:009
    ross0912.b1
15

16

17

18

19

20

21

22

23

24

25

26